Case 4:22-cv-00181 Document 31 Filed on 06/17/22 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| M Felder Trucking LLC and Mark Felder, §§§§<br><br>*Plaintiffs,* §<br><br>v. §<br><br>Pilot Travel Centers LLC and Willis Towers Watson Southeast, Inc., §§§§§<br><br>*Defendants.* | Case No. 4:22-cv-00181 |

## **MEMORANDUM AND RECOMMENDATION**

Plaintiffs M Felder Trucking LLC and Mark Felder (collectively, "Felder") filed a motion to remand, arguing that Defendant Willis Towers Watson Southeast, Inc. ("Willis") untimely removed this case and that Defendant Pilot Travel Centers LLC ("Pilot") waived its right to consent to removal. Dkt. 7. Defendants filed responses opposing remand, Dkt. 17, 19, and Felder filed a reply, Dkt. 22. As explained below, it is recommended that Felder's motion for remand be granted.

## **Background**

On November 18, 2020, Felder sued Pilot in Texas state court, asserting that Pilot breached the parties' agreement or, alternatively, committed negligence, by failing to procure an insurance policy that would provide

1

coverage for losses stemming from an accident that occurred while Felder was performing work for Pilot. Dkt. 1-4, DX-C-1 ¶¶ 12-15. Felder's original petition did not specify an amount of damages. *See generally* Dkt. 1-4, DX-C-1.

Pilot filed an answer. Dkt. 1-5, DX-C-2. The parties proceeded with discovery, and the trial court issued numerous rulings, including on merits issues. *See* Dkt. 1-3, DX-B (docket sheet); Dkt. 1-6, DX-C-3; Dkt. 1-11 to 1-14, DX-C-8 to C-11.

On December 14, 2022, Felder filed a second amended petition that added Willis as a defendant. Dkt. 1-17, DX-C-14 ¶¶ 5, 35. With Pilot's consent, Willis filed a notice of removal. Dkt. 1 (filed Jan. 18, 2022); Dkt. 1-21, DX-E (Pilot's notice of consent). On February 8, 2022, Felder filed the pending motion to remand. Dkt. 7.

## **Legal Standard**

A motion to remand can challenge a defect in removal procedure or the lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c). Either way, the defendants have the burden to show that removal was proper. *Van Duzer v. Homecomings Fin., L.L.C.*, 2010 WL 3824630, at *2 (S.D. Tex. Sept. 27, 2010) (rejecting defendants' suggestion that plaintiffs' failure to present evidence warranted denying motion to remand) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (defendant bears the burden

"not only to demonstrat[e] a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute") (quoting *Albonietti v. GAF Corp.-Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)). Moreover, the removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

## Analysis

### I. This Suit Should Be Remanded Because Removal Was Untimely under 28 U.S.C. § 1446(b)(3) and (c)(1).

There is no dispute that Willis filed its notice of removal more than one year after the original petition was filed. Dkt. 1-3 at 4 (original petition filed Nov. 18, 2020); Dkt. 1 (notice of removal filed on Jan. 18, 2022). Rather, the parties dispute whether the one-year limitation on removals prescribed in Section 1446(c)(1) applies to this suit, which was removed on the basis of diversity jurisdiction.

Section 1446 prescribes two distinct deadlines for removing suits to federal court. Section 1446(b)(1) requires a defendant to file a notice of removal within thirty days after receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). But the thirty-day deadline differs if the "initial pleading" fails to indicate that the case is removable:

> (b)(3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be

3

> filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* § 1446(b)(3). With limited exceptions—which neither Felder nor Defendants have invoked—the second category of cases is subject to an additional, one-year deadline on removal:

> (c)(1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action ....

*Id.* § 1446(c)(1).

Construing the prior iteration of Section 1446, the Fifth Circuit held that "the one-year limitation on diversity removals" applies "only ... to cases that are not initially removable." *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (quoting *Deshotel*). The subsequent amendment to Section 1446 has not altered that interpretation. *See, e.g., Power Mgmt. Controls, Inc. v. 5Nickles, Inc.*, 2020 WL 4678055, at *3 (S.D. Tex. June 25, 2020) (reviewing current iteration of Section 1446 and applying same principle that "the one-year bar in Section 1446(c)(1) does not apply to cases that were initially removable from state court"); *Shaffer v. Green Earth Techs., Inc.*, 2017 WL 2628883, at *3 (W.D. Tex. June 19, 2017) (same).

4

In this case, Felder does not dispute the existence of complete diversity between the parties at the time the original petition was filed. *See* Dkt. 1 ¶¶ 7-14. Whether the suit was "initially removable"—and thus exempt from the one-year limitation on removal in Section 1446(c)(1)—therefore hinges on the amount in controversy. *See* 28 U.S.C. § 1332(a). To resolve that issue, this Court must determine if the original petition "affirmatively reveals on its face" that Felder was "seeking damages in excess of the minimum jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992). The original petition did not disclose a specific amount of damages. *See* Dkt. 1-4, DX-C-1. Its removability thus depends on the nature of Felder's claimed injuries and the damages sought. *See Niederauer*, 2010 WL 11650677, at *2 (collecting authorities for principle that "courts may also examine the nature of the alleged injuries and damages to determine whether the amount in controversy plainly exceeds the jurisdictional amount").

Neither Pilot nor Willis attempts to analyze the allegations in the original petition, despite their burden to demonstrate that removal was proper. *See Manguno*, 276 F.3d at 723. Only one of Defendants—Pilot—even discusses the amount in controversy requirement. *Compare* Dkt. 17 at 2, *with* Dkt. 19 ¶ 3 (Willis claiming that "Felder does not dispute that this case was initially removable"). Yet instead of addressing the original petition itself, Pilot cites a civil case information sheet accompanying the petition, in which Felder's

5

counsel checked a box indicating that its damages exceed $1,000,000. *See* Dkt. 17 at 2; Dkt. 17-1, p. 11 of pdf.

As Felder correctly explains, Dkt. 22 ¶ 7, "a statement about [a] damages amount in a civil cover sheet is not sufficient to establish the jurisdictional minimum amount in controversy." *Morse v. Am. Sec. Ins. Co.*, 2011 WL 332544, at *2 (S.D. Tex. Jan. 28, 2011); *see also Good v. Kroger Tex., L.P.*, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (same); *Niederauer*, 2010 WL 11650677, at *3 (same); *see also, e.g.*, *Llort v. BMW of N. Am., LLC*, 2020 WL 2928472, at *4 (W.D. Tex. June 2, 2020) (same principle negated defendant's reliance on civil cover sheet to claim that plaintiff sought less than the jurisdictional minimum), *report and recommendation adopted*, 2020 WL 10054589 (W.D. Tex. June 19, 2020).

There are at least two reasons why Felder's civil information sheet is irrelevant here. First, the applicability of Section 1446(b)(3)—and its one-year removal deadline—versus Section 1446(b)(1)—which has no one-year deadline—depends on the removability of the "initial *pleading*." 28 U.S.C. § 1446(b)(1), (3) (emphasis added). A civil cover or information sheet is not a "pleading" encompassed by these provisions. *See Good*, 2013 WL 3989097, at *2; *Niederauer*, 2010 WL 11650677, at *3 ("[A] cover sheet cannot be considered part of the pleading, and therefore, this case does not fall under the first paragraph of § 1446(b)."). Second, an election on a civil cover sheet "is simply

6

too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." *Good*, 2013 WL 3989097, at *2 (citing *Morse*, 2011 WL 332544, at *2); *see also Niederauer*, 2010 WL 11650677, at *4 (same conclusion).

The Court further observes that the allegations in the original petition do not clearly establish that Felder's damages exceed $75,000. Although the prayer for relief requests actual, consequential, and punitive damages plus attorneys' fees, Dkt. 1-4, DX-C-1 ¶ 21, nothing in the petition illuminates the magnitude of those damages. The petition does not describe the underlying accident that precipitated this suit, the extent of Felder's physical injuries, or how long Felder was unable to work. *Id.* ¶¶ 12-13. More detail was necessary to render this case removable under Section 1446(b)(1). *Cf. Niederauer*, 2010 WL 11650677, at *3 ("Courts generally require greater detail about more extensive injuries to find that the pleading provided sufficient notice that the case was removable.") (collecting authorities).

Because the original petition did not "affirmatively reveal[]" that Felder was seeking more than $75,000 in damages, *Chapman*, 969 F.2d at 163, this case was not removable under Section 1446(b)(1) based on the initial pleading. Section 1446(b)(3) and the one-year limitation on removal in Section 1446(c)(1) therefore apply. *See Deshotel*, 142 F.3d at 886. And, as noted above, Willis

7

removed this case more than a year after the original petition was filed, making the removal untimely.[1]

## II. Felder Did Not Waive Its Right to Challenge Removal.

In their opposition briefs, Defendants also claim that Felder waived the right to request remand by seeking discovery in this Court. Dkt. 17 at 4-5; Dkt. 19 at 6-8. Felder, however, responds that it preserved the right to remand by timely filing a motion for remand before proceeding to request discovery. Dkt. 22 at 5-7. The Court agrees with Felder.

A timely-filed motion for remand preserves an objection to procedural defects in removal. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). It is undisputed that Felder timely filed its motion to remand less than thirty days after the suit was removed. *See* Dkt. 1 (Jan. 18, 2022 notice of removal); Dkt. 7 (Feb. 8, 2022 motion to remand); 28 U.S.C. § 1447(c) (30-day deadline for raising "any defect other than lack of subject matter jurisdiction"). Only after filing the motion did Felder pursue discovery. *See* Dkt. 17-2, DX-B (Felder's requests for production, dated Feb. 10, 2022); Dkt. 17-3, DX-C (Feb. 15, 2022 deposition notices); *see also* Dkt. 19 at 7 (citing requests for discovery).

---

[1] Because of this conclusion, the Court deems it unnecessary to reach Felder's alternative argument that remand is warranted because Pilot waived its right to consent to removal. *See* Dkt. 7 at 3-5.

By contrast, Defendants' cited authorities addressed plaintiffs who waived remand by pursuing discovery *before* seeking remand. *See Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989) ("Not only did considerable discovery take place ... for nearly a year before Johnson moved to remand, but he did not file this motion until after defendants moved for summary judgment."); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 945-46 (5th Cir. 1981) (per curiam) (plaintiff failed to seek remand before participating in discovery). Indeed, the waiver standard in *Johnson* applies to a plaintiff who *both* "fails to object promptly to removal *and* participates in the conduct of that action ...." 864 F.2d at 42 (internal quotation marks omitted) (emphasis added).

Felder's participation in the case while awaiting a ruling on its motion to remand did not waive its entitlement to remand. *See Gonzalez v. Weeks Marine, Inc.*, 203 F. App'x 574, 575-76 (5th Cir. 2006) (distinguishing *Johnson* and holding that plaintiff who "timely objected" to removal did not waive remand by participating in the case); *Gipson v. Wal-Mart Stores, Inc.*, 2009 WL 10695075, at *4 (S.D. Tex. Jan. 23, 2009) (no waiver by engaging in discovery and seeking "affirmative relief"); *see also, e.g.*, *Williams v. Texaco, Inc.*, 1997 WL 304827, at *2 n.1 (E.D. La. June 4, 1997) (plaintiff who timely sought remand did not waive that right by participating in discovery). Because Felder timely and correctly asserted that removal was defective, this Court should remand this suit to state court.

9

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the motion to remand filed by Plaintiffs M Felder Trucking LLC and Mark Felder (Dkt. 7) be **GRANTED**, and that this case be **REMANDED** to state court.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on June 17, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge